# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 06-2441

MADHUMILIND POTDAR,

*Petitioner,*

*v.*

MICHAEL B. MUKASEY,
United States Attorney General,

*Respondent.*

Petition for Review of an Order
of the Board of Immigration Appeals.
No. A93-042-676

ARGUED FEBRUARY 28, 2007—DECIDED OCTOBER 10, 2007

PETITION FOR REHEARING EN BANC
FILED NOVEMBER 27, 2007—DECIDED JUNE 26, 2008

ON MOTION TO REOPEN
DECIDED DECEMBER 16, 2008

Before RIPPLE, MANION and KANNE, *Circuit Judges.*

RIPPLE, *Circuit Judge.* Madhumilind Potdar filed a petition for rehearing following this court's dismissal of his petition for review of an order of the Board of Immigration Appeals ("BIA") for lack of subject matter jurisdiction. We granted the petition, limited to the following issue: Whether this court has jurisdiction to review the BIA's order concerning the motion to reopen because this case falls within the exception to *Iqbal Ali v. Gonzales*, 502 F.3d 659 (7th Cir. 2007), *cert. denied*, *Ali v. Mukasey*, 128 S. Ct. 1870 (2008), set forth in *Subhan v. Ashcroft*, 383 F.3d 591 (7th Cir. 2004)? We now vacate our prior judgment and hold that this court has jurisdiction to review the BIA's order. Furthermore, we reverse the judgment of the BIA and remand for further proceedings consistent with this opinion.

# I

Mr. Potdar's claim for relief rests on a fairly convoluted set of facts, which are set forth fully in our prior opinion, *see Potdar v. Keisler*, 505 F.3d 680 (7th Cir. 2007), and, therefore, are recounted only briefly here.

Mr. Potdar, a native and citizen of India, first entered the United States without authorization in 1981. In 1994, he applied for legalization benefits under the Immigration Reform and Control Act. While his application was pending, Mr. Potdar needed to return to India to attend a family funeral; he sought and was granted advance parole. After a month in India, Mr. Potdar returned to the United States. However, shortly thereafter and for un-

known reasons, the INS revoked Mr. Potdar's parole and placed him in exclusion proceedings.

Before the Immigration Judge ("IJ"), Mr. Potdar moved to terminate the proceedings on the ground that, because he was a legalization applicant who had obtained advance parole, he was not an "arriving alien" subject to exclusion proceedings. However, Mr. Potdar was unable to locate evidence of his advance parole grant from the Immigration and Naturalization Service. The IJ agreed with the Government that the burden was on Mr. Potdar to put forth such evidence, and, based on this determination, the IJ concluded that Mr. Potdar's motion to terminate exclusion proceedings could not be granted. The IJ further concluded that Mr. Potdar should be excluded on three separate grounds: that he had committed visa fraud, that he was an arriving alien not in possession of a valid immigrant visa and that he was an arriving alien not in possession of a valid nonimmigrant visa.

The BIA affirmed the IJ's decision on different grounds. Unlike the IJ, the BIA acknowledged that Mr. Potdar indeed had been paroled into the United States, but further noted that his parole had been revoked. This action returned Mr. Potdar to the status that he had held before he was paroled, i.e., an alien seeking to enter the United States. Turning to the grounds for exclusion, the BIA disagreed with the IJ that the charges of fraud had been sustained or that the failure to produce a nonimmigrant visa was an adequate ground of excludability. However, because Mr. Potdar was seeking legalization, the BIA concluded, he had immigrant intent, and, therefore, he was excludable based on his failure to present an immigrant visa.

Mr. Potdar did not seek review of the BIA's final order of exclusion. Instead, he pursued other avenues of relief: His employer sponsored him for an employment-based visa and submitted a labor certification application on his behalf. After this application was approved, the employer petitioned for an immigrant visa on his behalf, and Mr. Potdar applied for adjustment of status.

Mr. Potdar then moved to reopen proceedings before the BIA so that his pending applications for an immigrant worker visa and adjustment of status could be processed. The Government did not respond to the motion. The BIA ruled in Mr. Potdar's favor and granted his motion to reopen; it then remanded the case to the IJ. When the case was before the IJ on remand, Mr. Potdar moved to terminate exclusion proceedings. The IJ, however, construed Mr. Potdar's motion to reopen as a request for adjustment of status. The IJ concluded that he lacked jurisdiction to entertain an application for adjustment of status for an alien in Mr. Potdar's circumstances and certified, sua sponte, the record to the BIA. The BIA agreed with the IJ and held that it had "erroneously granted" Mr. Potdar's motion. It therefore vacated its decision granting the motion to reopen. Mr. Potdar petitioned this court for review.

## II

In our earlier decision, we first concluded that the BIA's order reopening the case did not resurrect jurisdiction over the issues underlying the initial exclusion order. We stated that the BIA "reopened to consider new evidence

that, despite Mr. Potdar's excludability, he may have been entitled to relief from exclusion." *Potdar*, 505 F.3d at 683. Consequently, it was only issues related to the motion to reopen that were properly before us.

We then determined that "[t]he gravamen of Mr. Potdar's request to the Board was that the part of the immigration agency responsible for adjudication of his applications ought to be given an opportunity to act prior to his removal from the United States." *Id.* at 684. In essence, Mr. Potdar's request to the IJ "amounted to a request for a continuance." *Id.* However, "[d]espite the context in which the case was reopened, the IJ nevertheless construed Mr. Potdar's submission as a request that *the IJ* grant his application for adjustment of status *in exclusion proceedings*." *Id.* We further explained that, on appeal, the BIA did not correct the error but "simply concurred with the IJ that the immigration courts lacked jurisdiction over an application, which, so far as the record reveals, never was filed with the immigration court." *Id.*

Although we believed that the BIA and the IJ erroneously concluded that Mr. Potdar was seeking an adjustment of status from the IJ, we nevertheless dismissed Mr. Potdar's petition for review. Having characterized Mr. Potdar's motion as a motion to continue, we concluded that "we have no jurisdiction to review the denial of the continuance in Mr. Potdar's case." *Id.* at 685 (citing *Ali v. Gonzales*, 502 F.3d 659 (7th Cir. 2007)).[1]

---

[1]  In *Iqbal Ali v. Gonzales*, 502 F.3d 659 (7th Cir. 2007), *cert. denied*, *Ali v. Mukasey*, 128 S. Ct. 1870 (2008), we held that the jurisdic-

(continued...)

**III**

Mr. Potdar petitioned for rehearing and raised one argument that we believed deserved closer scrutiny. Mr. Potdar claimed that this court had jurisdiction to review the BIA's order concerning the motion to reopen because his case falls within the exception to *Ali* set forth in *Subhan v. Ashcroft*, 383 F.3d 591 (7th Cir. 2004). *Subhan* preceded *Ali* and held that, even assuming that 8 U.S.C. § 1252(a)(2)(B)(ii) "*generally* bars judicial review of a continuance granted by an immigration judge in a removal proceeding," Congress did not intend "to entitle illegal aliens to seek an adjustment of status upon the receipt of certificates from the state and federal labor departments" and "at the same time also intend[] section 1252(a)(2)(B)(ii) to place beyond judicial review decisions by the immigration authorities that nullif[y] the statute." *Subhan*, 383 F.3d at 595. Consequently, in *Subhan*, we concluded that the BIA violated Section 1255 when it denied the petitioner's motion to continue for purposes of seeking an adjustment of status "without giving a reason consistent with the statute (indeed without giving any

---

[1] (...continued)

tional bar contained in 8 U.S.C. § 1252(a)(2)(B)(ii) (barring appellate review of immigration decisions "the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title") applied to motions to continue because those are, by regulation, discretionary decisions that are based on and implement the Immigration and Nationality Act.

reason)." *Id.* When we issued our opinion in *Ali*, which decided the jurisdictional issue that *Subhan* had assumed *arguendo*, we preserved the "exception noted in *Subhan*." *Ali*, 502 F.3d at 664.

In his petition, Mr. Potdar claimed that the exception set forth in *Subhan* applied to his motion to continue: "As in *Subhan*, the reasons given by the Immigration court and the Board were not responsive to Petitioner's motion." Petition for Rehearing at 6. Because *Ali* was issued in September 2007, a month before our prior decision in Mr. Potdar's case, the parties did not have the opportunity either to comment on the applicability of *Ali* or *Subhan* before we invoked *Ali* to dismiss Mr. Potdar's petition. Consequently, we granted Mr. Potdar's petition for rehearing limited to the issue of whether the *Subhan* exception applied to Mr. Potdar and requested supplemental briefing by the parties on this issue.

## IV

At this juncture, both parties agree that, because Mr. Potdar's petition for rehearing raises a question of law—the applicability of *Subhan*—we have jurisdiction to consider that limited issue. *See* Petitioner's Supp. Br. at 1; Respondent's Supp. Br. at 8.

The parties' agreement, however, ends with the jurisdictional issue. Mr. Potdar argues that the *Subhan* exception applies because the BIA's denial of his motion to continue effectively prevented him from exercising his statutory right to apply for adjustment of status. The

Government, however, argues that "allow[ing] administrative adjudication to proceed did not nullify" Mr. Potdar's statutory right because he was not "in jeopardy of imminent removal" and because, after the BIA's denial of Mr. Potdar's motion, his visa application was considered and denied. Respondent's Supp. Br. at 14-15.[2]

We cannot accept either of the Government's arguments. With respect to the first argument, Mr. Potdar was served with a "bag and baggage" letter dated October 11, 2006, requiring him to report for deportation on November 7, 2006. The only reason that Mr. Potdar was not deported was that, on November 3, 2006, this court issued a stay of removal pending resolution of his appeal.

We turn, therefore, to the Government's contention that, at this point, Mr. Potdar's request for a continuance is moot. The Government explains that Mr. Potdar sought a continuance to allow his adjustment of status applica-

---

[2] The Government also argues that Mr. Potdar does not fall within the *Subhan* exception because he did not request explicitly a continuation, as opposed to a cessation, of administrative proceedings. However, we already have explained that, given the context of Mr. Potdar's request, the BIA should have construed Mr. Potdar's motion as a motion to continue. *See Potdar v. Keisler*, 505 F.3d 680, 684 (7th Cir. 2007).

Additionally, both parties are critical of our holding in *Ali v. Gonzales*, 502 F.3d 659 (7th Cir. 2007), and urge us to reconsider that holding. This argument is outside the scope of the grant of rehearing by this panel. Furthermore, this court recently has reaffirmed the holding in *Ali*. *See Kucana v. Mukasey*, 533 F.3d 534, 537 (7th Cir. 2008).

tion to be processed. However, the Government states, Mr. Potdar's adjustment application now has been processed and rejected, and this court may take judicial notice of that fact. Consequently, regardless whether the BIA's decision initially may have frustrated Mr. Potdar's statutory right, he nevertheless had the opportunity to apply for adjustment of status. Consequently, there is no basis on which to remand the matter to the BIA.

The basis of Mr. Potdar's continuation request before the BIA was to allow time for adjudication of his legalization and other applications then pending with the Department of Homeland Security. *See* A.R. at 20. If, therefore, Mr. Potdar's applications all have been considered and rejected, it would appear that our involvement in the case is at an end. However, the Government neither has provided us with the documentation substantiating its assertion, nor has it provided us with authority supporting an appellate court's use of judicial notice in a similar situation. Consequently, we believe the best course is to remand the matter to the BIA. The BIA is in a better position to evaluate the subsequent administrative actions, to determine whether Mr. Potdar's applications for substantive relief have been considered and denied and, in the first instance, to determine the appropriate disposition of this administrative proceeding if those applications have been denied.

## Conclusion

For the foregoing reasons, we reverse our prior decision dismissing Mr. Potdar's petition for review for want of

jurisdiction, and we remand the case to the BIA for further proceedings consistent with this opinion. The parties will bear their own costs in this court.

REVERSED and REMANDED